IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | | |
|---|---|---|
| GWENDOLYN THOMPSON, on behalf of herself and others similarly situated, | : : : | CIVIL ACTION FILE NO. |
| Plaintiff, | : : | |
| v. | : : | **COMPLAINT – CLASS ACTION** |
| HEALTHCARE, INC., | : : : | **JURY TRIAL DEMANDED** |
| Defendant. | : : | |

Plaintiff Gwendolyn Thompson (hereinafter referred to as "Plaintiff"), individually and on behalf of all others similarly situated, alleges on personal knowledge, investigation of her counsel, and on information and belief, as follows:

## NATURE OF ACTION

1. As the Supreme Court has explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

2. However, the TCPA does not only restrict robocalls.

3. "The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations

was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.')…Private suits can seek either monetary or injunctive relief. *Id*…This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people.  The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649-50 (4th Cir. 2019).

4. Plaintiff brings this action to enforce the consumer-privacy provisions of the TCPA alleging that HealthCare, Inc. ("HealthCare"), who operates the website, www.healthcare.com, made robocalls and other telemarketing calls to numbers on the National Do Not Call Registry, including her own.

5. Because telemarketing campaigns typically use technology capable of generating thousands of similar calls per day, Plaintiff sues on behalf of a proposed nationwide class of other persons who received similar calls.

6. A class action is the best means of obtaining redress for the Defendant's illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## PARTIES

7. Plaintiff Gwendolyn Thompson is an individual.

8. Defendant HealthCare, Inc. is a Delaware corporation headquartered in this District.

## JURISDICTION AND VENUE

9. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq*.

10. This Court has general jurisdiction over HealthCare because it is headquartered in this District

11. Venue is proper pursuant to 28 U.S.C. § 1391(b) because the telemarketing calls that are the subject of this lawsuit were sent and organized from this District where Defendant resides.

## TCPA BACKGROUND

12. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

The TCPA Prohibits Automated Telemarketing Calls

13. The TCPA makes it unlawful to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an

automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service or that is charged per the call. *See* 47 U.S.C. § 227(b)(1)(A)(iii).

14. The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A) or 47 U.S.C. § 227(b)(1)(B). *See* 47 U.S.C. § 227(b)(3).

15. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

16. In 2013, the FCC required prior express written consent for all autodialed or prerecorded telemarketing calls ("robocalls") to wireless numbers and residential lines. Specifically, it ordered that:

> [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates.[] In addition, the written agreement must be obtained "without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.[]"

*In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830, 1844 (2012) (footnotes omitted).

The National Do Not Call Registry

17. § 227(c) of the TCPA requires the FCC to "initiate a rulemaking proceeding concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c)(1).

18. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

19. A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

20. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are made. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

## FACTUAL ALLEGATIONS

21. Defendant HealthCare is a "person" as the term is defined by 47 U.S.C. § 153(39).

22. At no point has the Plaintiff sought out, solicited information, or consented to calls regarding Defendant HealthCare's goods and services prior to receiving the telemarketing calls at issue.

### Calls to Plaintiff

23. Plaintiff Thompson's telephone number, 601-XXX-3072, is a residential telephone line.

24. The number is assigned to a cellular telephone service.

25. It is not associated with a business and is used by Ms. Thompson only.

26. The telephone number has been on the National Do Not Call Registry since April 6, 2021.

27. Despite this, Ms. Thompson received six telemarketing calls from HealthCare, at least two of which used pre-recorded voices.

28. The calls occurred on December 7, 2021, January 19, 2022 and May 25, 2022.

29. The January 19, 2022 call was a text message.

30. Text messages are calls for the purpose of the TCPA.

31. An image of the text message is below:





32. The text message was intended to solicit the Plaintiff, who did not have an account or insurance with the Defendant.

33. The Plaintiff called back the Defendant to see who "Consumer Council" was, and the Defendant identified themselves through their website www.healthcare.com.

34. The Plaintiff also received a pre-recorded message call from the Defendant on December 7, 2021.

35. The pre-recorded message was "Amy" from "Consumer Council" requesting a callback "regarding Health Insurance".

36. "Amy" then provided a call back number, which again when called has an employee identify www.healthcare.com.

37. The Plaintiff then received four telemarketing calls from the Defendant on May 24, 2022.

38. All of the calls came from the same Caller ID, 251-235-8254.

39. The one call that the Plaintiff answered played a pre-recorded message.

40. The pre-recorded message indicated that the call was regarding a life insurance benefit.

41. After receiving the pre-recorded message, the call disconnected.

42. The Plaintiff contacted the number that called her with a pre-recorded message and talked to Jessica Griffin, an employee of the Defendant.

43. The Defendant provided the Plaintiff with a callback number of (888) 901-8139.

44. A call back to that number confirms that it is the Defendant, with a website of www.healthcare.com.

45. The calls received by Plaintiff were sent for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services as they seek to have her sign up for HealthCare's insurance services.

46. These calls qualified as telemarketing.  47 C.F.R. § 64.1200(f)(12).

47. Plaintiff and all members of the class defined below, have been harmed by the acts of Defendant because their privacy has been violated and they were subjected to annoying

and harassing calls that constitute a nuisance. The calls also occupied Plaintiff's and class members' telephone lines and prevented them from receiving legitimate communication.

## CLASS ACTION ALLEGATIONS

48. Plaintiff bring this action on behalf of herself and the following classes (the "Classes") pursuant to Federal Rule of Civil Procedure 2:

> **Robocall Class:** All persons within the United States: (1) to whose cellular telephone number (2) Defendant (or an agent acting on behalf of Defendant) placed a telemarketing call (3) within the four years prior to the filing of the Complaint through trial (4) using a pre-recorded message.

> **Telephone Consumer Protection Act Do Not Call Registry Class:** All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing calls from or on behalf of Defendant (3) within a 12-month period (4) from the four years prior to the filing of the complaint through the date of trial.

49. Defendant and its employees or agents are excluded from the Class. Plaintiff reserves the right to modify or amend the Class definition, as appropriate, during the course of this litigation.

50. Plaintiff brings all claims in this action individually and on behalf of Class Members against Defendant.

### Numerosity

51. Members of the Class are so numerous that their individual joinder is impracticable.

52. On information and belief, based on the technology used to call Plaintiff, which is used to make calls *en masse*, Members of the Class number in the thousands.

53. The precise number of Class Members and their identities are unknown to Plaintiff at this time but may be determined through discovery.

54. Class Members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendant.

## Commonality

55. Common questions of law and fact exist as to all Class Members and predominate over questions affecting only individual Class Members.

56. Common legal and factual questions include, but are not limited to, whether Defendant have violated the Telephone Consumer Protection Act (2) and whether Class Members are entitled to actual and/or statutory damages for the aforementioned violations.

## Typicality

57. The claims of the named Plaintiff are typical of the claims of the Class because the named Plaintiff, like all other Class Members, received unsolicited telephonic sales calls from the Defendant without giving them her consent to receive such calls.

## Adequacy of Representation

58. Plaintiff is an adequate representative of the Class because her interests do not conflict with the interests of the Class Members she seeks to represent, she has retained competent counsel experienced in prosecuting class actions, and she intends to prosecute this action vigorously.

59. The interests of Class Members will be fairly and adequately protected by Plaintiff and her counsel.

## Superiority

60. The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Class Members.

61. Many of the Class Members likely lack the ability and/or resources to undertake the burden and expense of individually prosecuting what may be a complex and extensive action to establish Defendant's liability.

62. Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system. This strain on the parties and the judicial system would be heightened in this case, given the complex legal and factual issues at play.

63. Individualized litigation also presents a potential for inconsistent or contradictory judgments.

64. In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendant's liability.

65. Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

## COUNT I
### Violation of the Telephone Consumer Protection Act
### 47 U.S.C. 227(b) on behalf of the Robocall Class

66. Plaintiff incorporates the allegations from paragraphs 1-65 as if fully set forth herein.

67. The foregoing acts and omissions of Defendant and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making calls, except for emergency purposes, to the cellular telephone numbers of Plaintiff and members of the Class delivering pre-recorded messages.

68. As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf's violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Class presumptively are entitled to an award of $500 in damages for each and every call made to their cellular telephone numbers using an artificial or prerecorded voice in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

69. If Defendant's conduct is found to be knowing or willful, Plaintiff and members of the Class are entitled to an award of up to treble damages.

70. Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from violating the TCPA, 47 U.S.C. § 227, by making calls, except for emergency purposes, to any cellular telephone numbers using an artificial or prerecorded voice in the future.

## COUNT II
### Telephone Consumer Protection Act
### (Violations of 47 U.S.C. § 227)
### (On Behalf of Plaintiff and the National Do Not Call Registry Class)

71. Plaintiff incorporates the allegations from paragraphs 1-65 as if fully set forth herein.

72. The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making telemarketing calls, except for emergency purposes, to the Plaintiff and the Class despite their numbers being on the National Do Not Call Registry.

73. The Defendant's violations were negligent, willful, or knowing.

74. As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Class presumptively are entitled to an award of between $500 and $1,500 in damages for each and every call made.

75. Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant from making telemarketing calls to numbers on the National Do Not Call Registry, except for emergency purposes, in the future.

### **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A. Injunctive relief prohibiting Defendant from calling telephone numbers advertising their goods or services, except for emergency purposes, to numbers on the National Do Not Call Registry in the future or making calls with a pre-recorded message to cellular telephones;

B. That the Court enter a judgment awarding Plaintiff and all class members statutory damages of $500 for each violation of the TCPA and $1,500 for each knowing or willful violation; and

C. An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing an appropriate Class the Court deems appropriate, finding that Plaintiff are a proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class;

D. Such other relief as the Court deems just and proper.

## **JURY DEMAND**

Plaintiff requests a jury trial as to all claims of the complaint so triable.

Dated: June 3, 2022

PLAINTIFF, on behalf of herself and others similarly situated,

*/s/ Avi R. Kaufman*
Avi R. Kaufman (FL Bar no. 84382)
kaufman@kaufmanpa.com
Rachel E. Kaufman (FL Bar no. 87406)
rachel@kaufmanpa.com
KAUFMAN P.A.
237 S. Dixie Hwy, 4th Floor
Coral Gables, FL 33133
Telephone: (305) 469-5881